Bailey, Johnson, DeLeonardis & Peck, P.C.
John W. Bailey, Esq.
Pine West Plaza 5, Suite 507
Washington Avenue Extension
Albany, New York 12205
Telephone: (518) 456-0082
*Attorneys for Defendant Michael J. Quinn*
John W. Bailey Bar Roll No.: JB1484

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

JOHN VIDUREK & KIMBERLY VIDUREK,

                     Plaintiffs,

    -against-

JOHN KOSKINEN, BRENDA DIAL, JOHN/JANE DOE,
J. MELENDEZ, MARYELLEN BENECKE, LINDA PIAK,
JEANETTE WILLET, DANIEL H. SCHULMAN, GUY
CHIARELLO, MARY MADDEN, MICHAEL J. QUINN,
JACK DORSEY and IRS,

                     Defendants.

**Civil Docket No.:
7:17-cv-09064-VB
VLB**

---

## <u>NOTICE OF MOTION TO DISMISS</u>
## <u>AND FOR ISSUANCE OF AN INJUNCTION</u>

Motion by:            Defendant, Michael J. Quinn

Time, Date           Monday, January 22, 2018 at 9:00 in the forenoon.
and Place of Hearing:   United States District Court, Southern District of New York
                     Federal Building and U.S. Courthouse
                     300 Quarropas Street
                     White Plains, New York 10601

Assigned Justice:      Honorable Vincent L. Briccetti

| Supporting Papers: | Declaration of John W. Bailey, Esq. 2017 with annexed exhibits and supporting Memorandum of Law. |
|---|---|
| Nature of Action: | Plaintiffs John Vidurek and Kimberley Vidurek sue Defendants alleging civil rights violations due to receipt of notice of income tax deficiency from the Internal Revenue Service. |
| Relief Demanded: | Issuance of an Order of this Court pursuant to Fed. R. Civ. Pro. 12(b)(6) dismissing Plaintiffs' Complaint against Defendant Michael J. Quinn in its entirety; and issuance of an Order of this Court prohibiting the Plaintiffs from filing future actions in this Court against Michael J. Quinn and his employer, Rhinebeck Savings Bank, without prior permission of this Court. |
| Reply Papers: | Pursuant to Local Rule 7, answering papers, if any, are required to be served upon the undersigned at least seventeen (17) days prior to the return date of this motion. |

Dated: December 18, 2017.

BAILEY, JOHNSON, DeLEONARDIS & PECK, P.C.

By: S/ John W. Bailey

John W. Bailey, Esq.
Bar Roll No.: JB1484
Attorneys for Defendant Michael J. Quinn
Pine West Plaza 5, Suite 507
Washington Avenue Extension
Albany, New York 12205
Telephone: (518) 456-0082
JWBailey@BaileyJohnson.com

To:   John Vidurek
Kimberly Vidurek
1 South Drive
Hyde Park, New York 12539

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN VIDUREK & KIMBERLY VIDUREK,

                              Plaintiffs,

        -against-

JOHN KOSKINEN, BRENDA DIAL, JOHN/JANE DOE,
J. MELENDEZ, MARYELLEN BENECKE, LINDA PIAK,
JEANETTE WILLET, DANIEL H. SCHULMAN, GUY
CHIARELLO, MARY MADDEN, MICHAEL J. QUINN,
JACK DORSEY and IRS,

                              Defendants.

**ATTORNEY
DECLARATION**
Civil Docket No.:
7:17-cv-09064-VB
VLB

     **JOHN W. BAILEY, ESQ.**, an attorney under penalties of perjury, in accordance with New York State Civil Practice Law and Rules Section 2106, hereby affirms and states as follows:

     1.    I am an attorney at law, duly licensed to practice in the Courts of the State of New York. I am the founding partner and shareholder with the law firm Bailey, Johnson, DeLeonardis & Peck, P.C., attorneys for Defendant Michael J. Quinn. As such, I am fully familiar with the facts and circumstances set forth herein.

     2.    I submit the within Declaration together with the exhibits annexed hereto, and accompanying Memorandum of Law in support of Defendant Michael J. Quinn's motion to dismiss the Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for Plaintiffs' failure to state a claim upon which relief can be granted, and that this Court issue an Order prohibiting the Plaintiffs from filing further complaints against

Defendant Michael J. Quinn and his employer, Rhinebeck Savings Bank, in this Court without the express consent of this Court.

3.  The within action was commenced by the filing of a Summons and Complaint signed the 17th day of November by Plaintiffs with Plaintiff John Vidurek's signature having been notarized on that date. Annexed hereto and made a part hereof as **Exhibit "A"** is a true copy of Plaintiffs' Summons and Complaint, without exhibits. Upon information and belief, said Summons and Complaint were filed in the United States District Court for the Southern District on November 20, 2017. See Id.

4.  My client informed me that Plaintiffs' Summons and Complaint were served upon him on November 27, 2017. As of the date of the within Declaration, no Affidavit of Service appears to have been filed with this Court as shown on the docket sheet available for review on this Court's Internet webpage through the Federal PACER on-line search engine.

## DISMISSAL OF PLAINTIFFS' COMPLAINT

5.  Although difficult to discern, it appears that the Plaintiffs allege violations of their Constitutional and civil rights due to the garnishment of Plaintiff John Vidurek's Social Security payments by the Internal Revenue Service for income taxes owed the Agency.[1]

---

[1] Plaintiffs appear to contend that they are sovereign citizens and thus, exempt from paying taxes. See for example, video of rally speech given by Plaintiff John Vidurek, a/k/a/ John Darash at https://www.youtube.com/watch?v=fkb5lpDeDw0 where he is referred to as the "leader of the seditionist sovereign-citizen group National Liberty Alliance." However, Plaintiffs contradict this assertion by specifically alleging a violation of their rights due to the garnishment of Plaintiff John Vidurek's Social Security payments by the IRS. It is

6. Upon information and belief, the only allegation levied against Defendant Michael J. Quinn, President and Chief Executive Officer of Rhinebeck Savings Bank, is that the Plaintiffs' financial information *may* have been shared with the Internal Revenue Service by the Bank due to the Agency's service of an administrative summons upon the Bank. See **Exhibit "A"** at page 47 of 47; see also true copy of summons annexed hereto and made a part hereof as **Exhibit "B."**[2] Plaintiffs allege that if such information was shared, Mr. Quinn and other named Defendants are liable under "Conspiracy against rights, RICO, Mail Fraud, Violating plaintiff(s)' unalienable (sic) right of due process under color of law protected by Amendment V, Trespass on the case, Fraud, Negligence, Vindictive Recklessness, Abuse of Process, Harassment and Right to be Secure in Papers. See **Exhibit "A"** at pages 1 and of 47.

7. It must be noted that Plaintiffs' do not allege a single specific act or omission on the part of Michael J. Quinn. See **Exhibit "A"** generally.

8. Rather, in the "wherefore" clause of Plaintiffs' Complaint Plaintiffs' note: "Defendants Daniel H. Schulman, Guy Chiarello, Mary Madden, Michael J. Quinn and Jack Dorsey shall pay $10,000 each for violating the Safe Harbor Principles. If said Defendants did not share plaintiff(s)' financial information with the IRS there is no claim against them." (Emphasis added). See **Exhibit "A"** at page 47 of 47 at lines 936-939.

---

axiomatic that a person who is not subject to payment of taxes would not therefore be eligible to receive Social Security benefits funded by the payment of Federal taxes.
[2] Please note that said document appears as page 5 of 6 of Exhibit number 41 of Plaintiff's Complaint.

9. Thus, it is self-evident from the Complaint that Plaintiffs have no proof of any action or omission on the part of Defendant Quinn. Rather, Plaintiffs allege only that someone employed by Mr. Quinn's employer, Rhinebeck Bank[3], may or may not have done something in response to an IRS summons served upon it.

10. Importantly, not only does the financial institution summoned have an absolute duty to respond to an IRS summons under 26 U.S. Code §7609 (i)(1), the Bank is immune from liability to the customer whose records are demanded under 26 U.S. Code §7609 (i)(2). Contrarily, the Bank could face prosecution for willfully failing to respond an IRS summons under 26 U.S. Code Section 7210.

12. Indeed, whereas the Bank has no ability to challenge the validity of an IRS summons under I.R.C. §7210, of the Code provides methods for taxpayers to challenge an IRS summons, including intervening in the process and moving to quash under 26 U.S. Code §7609(b)(2). In the matter before this Court, the IRS scheduled meetings with Plaintiffs to discuss the tax deficiency giving Plaintiffs the opportunity to challenge the debt alleged. Each time, Plaintiffs refused to meet with the IRS Representatives. See true copies of relevant correspondence provided as exhibits to Plaintiffs' Complaint annexed hereto as **Exhibit "C."** That Plaintiffs chose not to avail themselves of their right to challenge the debt in in-person meetings is of no consequence to Mr. Quinn.

13. Since the Plaintiffs have made no allegation against Defendant Quinn specifically, and only peripherally allege that his employer may or may not have responded

---

[3] The Bank is not a named Defendant in the instant action.

4

to a legal summons issued by the IRS for which his employer has absolute immunity, there lies no cognizable cause of action against Defendant Quinn. Plaintiffs' complaint must be dismissed in its entirety against Defendant Michael J. Quinn pursuant to Fed. R. Civ. Pr. 12(b)(6). For the Court's reference, Defendant sets forth each Constitutional violation alleged and how this single unsupported allegation cannot fit into a single cognizable claim alleged. See Defendant's Memorandum of Law submitted herewith.

## INJUNCTION AGAINST FURTHER ACTIONS

14.     In 2008, Plaintiffs John and Kimberly Vidurek commenced an action in the Supreme Court, Dutchess County, against Defendant Michael Quinn's employer, Rhinebeck Savings Bank seeking an injunction and restraining order preventing the Bank from complying with an IRS issued summons. In their Complaint, Plaintiffs alleged that the IRS lacked jurisdiction to issue the summons and that therefore, their due process rights were violated by the issuance of the summons. See true copy of Plaintiffs' Summons and Complaint annexed hereto and made a part hereof as **Exhibit "D."** The application was denied. See true copy of the Decision and Order of the Court (Pagones, J.) dated January 14, 2009 annexed hereto and made a part hereof as **Exhibit "E."**

15.     In May, 2013, Plaintiffs commenced an action in Supreme Court which was removed to this Court by the IRS. See true copy of Plaintiffs' Notice of Motion, Motion for Default Judgment and Objection to Procedure collectively annexed hereto and made a part hereof as **Exhibit "F."** In that action, Plaintiffs again sued, *inter alia*, the IRS and Rhinebeck Savings Bank asserting "claims for violations of various federal criminal statutes, specifically, conspiracy against civil rights (18 U.S.C. §241), deprivation of civil

5

rights under color of law (id. §242), extortion by officers or employees of the United States (id. §872), mail fraud (id. §1341), making false statements (id. §1001), the Racketeer Influenced and Corrupt Organizations Act ("RICO") (id. §1961, et seq.), and unlawful acts of revenue officers or agents (26 U.S.C. §7214)." See true copy of this Court's Memorandum Decision dated February 27, 2017 (Briccetti, J.) annexed hereto and made a part hereof as **Exhibit "G"** at page 1.

16.     Plaintiffs' 2013 action was dismissed as against Defendant Rhinebeck Savings Bank. See id. at pg. 24.

17.     On October 4, 2017, Plaintiffs commenced an action against the same Defendants listed in the action pending before this Court. See true copy of Summons and Complaint filed in the U.S. District Court for the Southern District of New York and assigned to the Honorable Colleen McMahon annexed hereto and made a part hereof as **Exhibit "H."** The action makes the same allegations contained in the action pending in this Court. See id.

18.     Accordingly, the Court, Hon. Colleen McMahon, dismissed the action as duplicative to the within action. See true copy of Order of Dismissal and Civil Judgment issued the 30th day of November, 2017 annexed hereto and made a part hereof as **Exhibit "I."**

19.     The Plaintiff John Vidurek (a/k/a John Darash) has numerous postings on the Internet regarding his numerous challenges of the authority of the IRS. There are also several videos of Plaintiff on the Youtube Internet cite wherein he espouses his opinions

similar to those outlined as allegations in the his 2008 complaint, the 2013 complaint, the October 2017 complaint and the complaint pending in this matter filed in November, 2017.

20.     Defendants have been forced to defend against nearly identical baseless allegations time and again over the past decade.     There is a strong likelihood that Defendants will suffer irreparable harm if Plaintiffs continue in this vein.

21.     Presently, there is nothing in effect which would deter Plaintiffs from commencing additional actions against Defendants.     As set forth in the Memorandum of Law submitted herewith, this Court has directed that the following factors must be considered in determining whether or not to restrict a litigant's future access to the Courts: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." See Defendant's Memorandum of Law submitted herewith.

22.     In the matter before this Court, Plaintiffs clearly have a documented history of filing duplicative suits against the same Defendants. Given the Court's dismissal of Plaintiffs' three prior suits, Plaintiffs should have no good faith expectation of prevailing on further actions based on similar allegations.     Although Plaintiffs are *pro se*, after nearly ten years worth of litigation, Plaintiffs should understand that the actions are frivolous. Each of the named Defendants must spend resources including time and legal fee expenses

defending against each baseless lawsuit. Upon information and belief, sanctions alone would not deter these particular Plaintiffs from filing further unjustified actions.

23.    There simply is no claim, defense or legal contention contained in Plaintiffs' numerous complaints that is warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law. See Memorandum of Law submitted herewith.

24.    A District Court has the authority to enjoin a Plaintiff who engages in a pattern of vexatious litigation from continuing to do so.  See Memorandum of Law submitted herewith.  Here, Defendant asks not that this Court deny *pro se* litigants meaningful access to the Courts; Defendant respectfully requests only that this Court prohibit these particular Plaintiffs from filing further actions against Defendant Michael J. Quinn or his employer, Rhinebeck Savings Bank, related to the Bank's exercise of its obligation to respond to IRS summonses, without the express prior permission of this Court.

25.    In light of the above, Defendant Michael J. Quinn respectfully requests that this Court dismiss Plaintiffs' Complaint against him for failure to state a cause of action and issue an order enjoining the Plaintiffs from filing further actions in this Court against Michael J. Quinn and his employer, Rhinebeck Savings Bank, without the express prior consent of this Court.

**WHEREFORE**, Defendant Michael J. Quinn respectfully requests that this Court grant the relief requested herein, together with such other and further relief to Defendant Michael J. Quinn as the Court may deem just and proper.

December 18, 2017.

Respectfully submitted by,

John W. Bailey, Esq.
Bar Roll No.: JB1454
Bailey, Johnson, DeLeonardis & Peck, P.C.
Attorneys for Defendant Michael J. Quinn
5 Pine West Plaza, Suite 507
Washington Avenue Extension
Albany, New York 12205
Telephone: (518) 456-0082
Email: JWBailey@BaileyJohnson.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN VIDUREK & KIMBERLY VIDUREK,

                    Plaintiffs,

    -against-

JOHN KOSKINEN, BRENDA DIAL, JOHN/JANE DOE,
J. MELENDEZ, MARYELLEN BENECKE, LINDA PIAK,
JEANETTE WILLET, DANIEL H. SCHULMAN, GUY
CHIARELLO, MARY MADDEN, MICHAEL J. QUINN,
JACK DORSEY and IRS,

                    Defendants.

**Civil Docket No.:**
**7:17-cv-09064-VB**
**VLB**

---

## MEMORANDUM OF LAW
### (in Support of Motion to Dismiss and Issuance of an Injunction)

---

December 18, 2017.

                BAILEY, JOHNSON, DeLEONARDIS
                & PECK, P.C.

                By: _____
                John W. Bailey, Esq.
                Bar Roll No.: JB1454
                Attorneys for Defendant Michael J. Quinn
                5 Pine West Plaza, Suite 507
                Washington Avenue Extension
                Albany, New York 12205
                Telephone: (518) 456-0082
                Email: JWBailey@BaileyJohnson.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………………1

PRELIMINARY STATEMENT…………………………………………………4

STATEMENT OF FACTS………………………………………………………4

ARGUMENT……………………………………………………………………6

POINT I:      PLAINTIFFS' FAIL TO STATE A CAUSE OF ACTION AGAINST
MICHAEL J. QUINN…………………………………………………..6

POINT II:     PLAINTIFFS' CAUSES OF ACTION ARE WITHOUT MERIT
AGAINST DEFENDANT QUINN AND MUST BE DISMISSED, WITH
PREJUDICE…………………………………………………………...10

A. Conspiracy Against Rights…………………………………...10
B. RICO………………………………………………………….11
C. Mail Fraud……………………………………………………12
D. Violation of Plaintiffs inalienable right of Due Process under color
of law protected by Amendment ……………………………13
E. Trespass on the Case…………………………………………16
F. Fraud…………………………………………………………17
G. Negligence……………………………………………………18
H. Vindictive Recklessness………………………………………19
I. Abuse of Process………………………………………………19
J. Harassment……………………………………………………20
K. Right to be Secure in Papers…………………………………20

POINT III:   MICHAEL J. QUINN IS STATUTORILY IMMUNE FROM
CIVIL LIABILITY FOR HIS EMPLOYER'S COMPLIANCE WITH
AN I.R.S. SUMMONS………………………………………………...20

POINT IV:   MICHAEL J. QUINN AND HIS EMPLOYER, RHINEBECK
SAVINGS BANK, ARE ENTITLED TO AN INJUNCTION
PROHIBITING PLAINTIFFS FROM FILING FURTHER
ACTIONS AGAINST THEM IN THIS COURT WITHOUT
PRIOR CONSENT OF THE COURT……………………………….23

CONCLUSION…………………………………………………………………27

# TABLE OF AUTHORITIES*

## United States Cases

Ashcroft v. Iqbal, 556 U.S. 662 (U.S. Supreme Court 2009) ................................. 4, 5, 6, 7
Bell Atlantic Corporation v. Trombly, 550 U.S. 544 (U.S. Supreme Court 2007) ........ 4, 5
United States v. Arthur Young & Co., 465 U.S. 805 (U.S. Supreme Court 1984)..........14
United States v. Becker, 259 F.2d 869 (2d Cir. 1958)............................................21
United States v. Bisceglia, 420 U.S. 141 (U.S. Supreme Court 1975)........................14
United States v. Nat'l Bank of Commerce, 472 U.S. 713 (U.S. Supreme Court 1985)
Reisman v. Caplin, 375 U.S. 440 (U.S. Supreme Court 1964)................................... 8, 19

## Federal Cases

Aeronca, Inc. v. Gorin, 561 F.Supp. 370 (S.D.N.Y.1983)....................................16
Aleem v. Experience Hendrix, L.L.C., 2017 WL 3105870 (S.D.N.Y. 2017)..........5, 7, 8
Anatian v. Coutts Bank (Switz.) Ltd., 193 F.3d 85 (2d Cir. 1999)..........................10
Chambers v. Time Warner, Inc., 282 F.3d 147 (2nd Cir. 2002)...................................... 6
Cohen v. Koenig, 25 F.3d 1168 (2d Cir.1994) ........................................................ 4
Duffy v. Holt–Harris, 260 A.D.2d 595 (2nd Dept. 1999)......................................... 10
First Cap. Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 173 (2d Cir. 2004).......11
First City Nat. Bank & Trust Co. v. Federal Deposit Ins. Co., 730 F.Supp. 501
(E.D.N.Y.1990)..........................................................................................16
Fitzgerald v. Field, 1999 WL 1021568 (S.D.N.Y. 1999) ..................................... 10, 12
Fontanez v. Skepple, 2013 WL842600 (S.D.N.Y. 2013) ...................................... 4, 5, 6, 7
Global Network Commc'n v. City of New York, 458 F.3d 150 (2d Cir. 2006) ................ 7
Grandon v. Merrill Lynch, 147 F.3d 184 (2d Cir.1998)............................................ 4
Graseck v. Mauceri, 582 F.2d 203 (2d Cir.1978)................................................15
Hong Mai Sa v. Doe, 406 F.3d 155 (2nd Cir. 2005)............................................. 10
In re Martin-Trigona, 737 F.2d. 1254 (2nd Cir. 1984) ........................................ 13
In re Sassower, 20 F.3d 42 (2d Cir. 1994) ........................................................ 11
Katara v. D.E. Jones Commodities, Inc., 835 F.2d 966 (2d Cir.1987).......................16
Kingsley v. Bureau of Prisons, 937 F.2d 26 (2d Cir.1994).....................................15
Iwachiw v. New York State Dep't of Motor Vehicles, 396 F.3d 525 (2d Cir 2005) ....... 11
Lipin v. National Union Fire Ins. Co. of Pittsburgh, Pa., 202 F.Supp.2d 126 (S.D.N.Y.
2002) ........................................................................................... 4, 10, 11, 12
Matter of Hartford Textile Corp., 681 F.2d 895 (2d Cir. 1982) ........................... 13
McMillian v. Walters, 2017 WL 3973932 (N.D.N.Y. 2017)................................... 11
Muratore v. Dept. of the Treasury, 315 F.Supp.2d 305 (W.D.N.Y. 2004).............13,14
Pereira v. United States, 347 U.S. 1 (1954)......................................................12
Reimer v. U.S., 43 F. Supp.2d 232, 237 (N.D.N.Y. 1999)....................................13
Roso v. Saxon Energy Corp., 758 F.Supp. 164, 168 (S.D.N.Y. 1991)......................16

Roth v. Jennings, 489 F.3d 499 (2d Cir. 2007)........................................... 6
Safir v. United States Lines, Inc., 792 F.2d 19 (2d Cir. 1986) .................... 10, 13
Schmuck v. United States, 489 U.S. 705, 721 n. 10 (United States Supreme Court 1989).................................................................................................12
Scheuering v. U.S., 2014 WL 6865727 (S.D.N.Y. 2014)....................15, 16, 21, 22
Schiff v. Simon & Schuster, Inc., 780 F.2d 210 (2d Cir.1985)............................21
Sims v. Artuz, 230 F.3d 14 (2d Cir. 2000)........................................................ 4
Soffer v. United States, 2002 U.S. Dist. LEXIS 9497 (S.D.N.Y. 2002)...............21
Taylor v. Vt. Dep't of Educ., 313 F.3d 768 (2d Cir. 2002) ................................. 6
Tsipouras v. W & M Props., Inc., 9 F.Supp. 2d 365 (S.D.N.Y. 1998)...................11
United States v. Argomaniz, 925 F.2d 1349 (11th Cir.1991)...............................14
United States v. Becker, 259 F.2d 869 (2d Cir. 1958)........................................ 8
United States v. Schmidt, 816 F.2d 1477 (10th Cir.1987)....................................14
Upton v. I.R.S., 104 F.3d 543 (2d Cir.1997)......................................................14
Wanamaker v. Columbian Rope Co., 740 F. Supp. 127, 141 (N.D.N.Y.1990)............16
Williams v. Rosenblatt Securities Inc., 136 F.Supp.3d 593 (S.D.N.Y. 2015)............... 5, 6
Willing v. Suffolk County Dept. of Social Services, 2010 WL 2736941 (E.D.N.Y. 2010)5
Zeising v. Kelly, 152 F.Supp.2d 335 (S.D.N.Y. 2001)........................................ 8

**New York State Cases**
Berisic v. Winckelman, 40 A.D.3d 561 (2nd Dept. 2007)....................................18
Chase v. Hale, 8 Johns. 461 (Supreme Court of New York 1811)...........................15
Curiano v. Suozzi, 63 N.Y.2d 113 (Ct. of Appeals 1984).....................................18
Demshick v. Community Hous. Mgt. Corp., 34 A.D.3d 518 (2nd Dept. 2006)....................................................................................................17
Esen v. Narian, 63 N.Y.S.3d 493 (2nd Dept. 2017)...........................................17
Ettienne v. Hochman, 83 A.D.3d. 888 (2nd Dept. 2011)......................................18
Heard v. City of New York, 82 N.Y.2d 66 (Ct. of Appeals 1993)...........................17
Hudson Val. Mar., Inc. v. Town of Cortlandt, 79 A.D.3d 700 (2nd Dept. 2010)..........18
Kievman v. Philip, 84 A.D.3d 1031 (2nd Dept. 2011)........................................17
Liang v. Wei Ji, --- N.Y.S.3d ----2017 WL 5762046 (2nd Dept. 2017)...................... 10
Malpeli v. Yenna, 81 A.D.3d 607 (2nd Dept. 2011)...........................................17
Matter of Shreve v. Shreve, 229 A.D.2d 1005 (4th Dept. 1996) ............................. 10
Merchants Mut. Ins. Co. v. Quality Signs of Middletown, 110 A.D.3d 1042 (2nd Dept. 2013).................................................................................................17
Mirza v. Metropolitan Life Ins. Co., 2 A.D.3d 808 (2nd Dept. 2003)......................17
Nallan v. Helmsley–Spear, Inc., 50 N.Y.2d 507 (Court of Appeals 1980).
Percival v. Hickey, 18 Johns. 257, 262 (Supreme court of New York 1820)...............15
Sassower v. Signorelli, 99 A.D.2d 358 (2nd Dept. 1984) ..................................... 10
Savitt v. Estate of Nicholas Passantino, 41 Misc.3d 1219(A) (Supreme Court, New York County 2013)..............................................................................................18

Socony–Vacuum Oil Co. v. Baily, 202 Misc. 364, 365–66 (N.Y. Sup.Ct. Cattaraugus Cnty.1952)..................................................................................................................15
Vogelgesang v. Vogelgesang, 71 A.D.3d 1132 (2nd Dept. 2010)...................................... 10

**Federal Rules**
18 U.S.C. §241.............................................................................................................9
18 U.S.C. §242............................................................................................................13
18 U.S.C. §1341.....................................................................................................11, 12
26 U.S.C. § 6332(d)....................................................................................................21
26 U.S. Code §§7601-7613............................................................................................8
26 26 U.S. Code §7602..................................................................................................8
26 U.S.C. §7609(a)(1)..................................................................................................14
26 26 U.S. Code §7609 (i)(1).........................................................................................9
26 26 U.S. Code §7609 (i)(3).........................................................................................9
26 U.S.C. §7609(b),(h)(1).............................................................................................14

42 U.S.C. §1983..........................................................................................................15
42 U.S.C.A. §1985(3)...................................................................................................10

Federal Rule of Civil Procedure 12(b)(6) passim
Federal Rule of Civil Procedure 8(a)(2) ........................................................................ 4

**United States Constitution**

Fourth Amendment
Fifth Amendment

**Misc. Sources.**

Laura A. Eilers & Harvey B. Silikovitz, *Mail and Wire Fraud*, 31 Am. Crim. L. Rev. 703, 704 (1994)........................................................................................................12

\*All case law is provided to the Court and *pro se* Plaintiffs at Exhibit "J" of Bailey Declaration submitted herewith.

## PRELIMINARY STATEMENT

Defendant Michael J. Quinn, by and through his attorneys, Bailey, Johnson, DeLeonardis & Peck, P.C., submits the following Memorandum of Law in support of his Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and for an order prohibiting the Plaintiffs from filing further lawsuits in this Court against Defendant Michael J. Quinn or his employer, Rhinebeck Savings Bank, without the express consent of this Court.

## STATEMENT OF FACTS

On or about November 20, 2017, Plaintiffs John and Kimberly Vidurek filed a Summons and Complaint in the United States District Court for the Southern District against Defendants alleging "Conspiracy against rights, RICO, Mail Fraud, Violating plaintiff(s)' unalienable (sic) right of due process under color of law protected by Amendment V, Trespass on the case, Fraud, Negligence, Vindictive Recklessness, Abuse of Process, Harassment and Right to be Secure in Papers." See Plaintiffs' Complaint at pages 1-2 of 47 submitted with Attorney Declaration as **Exhibit "A."**

Plaintiffs allege that that they are not subject to tax by the IRS and that therefore, the Agency's issuance of an administrative summons upon various financial institutions in order to attempt to secure payment of an income tax debt, violates their Constitutional and Civil Rights. See id. generally.

Plaintiffs make no specific allegation against Defendant Michael Quinn in their Complaint. See id. Rather, Plaintiffs appear to allege that Mr. Quinn is liable to the Plaintiffs *if* Mr. Quinn's employer, Rhinebeck Savings Bank, complied with the summons issued by the IRS. Id. Plaintiffs' specifically state that "if said defendants [including Mr. Quinn] did not share plaintiff(s)' financial information with the IRS there is no claim against them." See id. at page 47 of 47. Because Plaintiffs do not allege specific wrongdoing on the part of Defendant Quinn and because his employer Rhinebeck Savings Bank has absolute statutory immunity from liability to its customers by complying with and IRS information subpoena, Defendant moves to this Court to dismiss the complaint in its entirety for failure to state a cause of action for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Additionally, because the within action is the fourth action Plaintiffs have commenced against Defendant Quinn and/or his employer, Rhinebeck Savings Bank in less than 10 years, each action based on the same or similar allegations of constitutional and due process violations, Defendant moves for an order of injunction, prohibiting the Plaintiffs from filing similar suits without the express prior consent of this Court.

**ARGUMENT**

**POINT I**

**PLAINTIFFS COMPLAINT MUST BE DISMISSED
AGAINST DEFENDNAT MICHAEL J. QUINN FOR
FAILURE TO STATE A CAUSE OF ACTION**

"Under Federal Rule of Civil Procedure 8(a)(2) a pleading must contain a 'short and plain statement of the claim showing the pleader is entitled to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677-678 (U.S. Supreme Court 2009). A pleading that offers "naked assertions' devoid of 'further factual enhancement'" will not suffice." <u>Id.</u> at 678 citing <u>Bell Atlantic Corporation v. Trombly</u>, 550 U.S. 544, 555 (U.S. Supreme Court 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, supra at 677, citing <u>Bell Atlantic Corporation v. Trombly</u>, supra at 570.

Federal Rule of Civil Procedure 12(b)(6) allows for a Defendant to move to dismiss an action commenced against him for failure to state a claim upon which relief can be granted. <u>Fontanez v. Skepple</u>, 2013 WL842600 at 2 (S.D.N.Y. 2013). "In deciding a motion to dismiss under 12(b)(6) ... a court must accept as true the material facts alleged in the complaint and draw all reasonable inferences in plaintiff's favor. *Grandon v. Merrill Lynch,* 147 F.3d 184, 188 (2d Cir.1998). The court must not dismiss the action unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d Cir.1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 [1957]); *Sims v.*

*Artuz,* 230 F.3d 14, 20 (2d Cir.2000)." Lipin v. National Union Fire Ins. Co. of Pittsburgh, Pa., 202 F.Supp.2d 126, 135 (S.D.N.Y. 2002). "However, the Court is not required to credit legal conclusions, bare assertions or conclusory allegations." Aleem v. Experience Hendrix, L.L.C., 2017 WL 3105870 (S.D.N.Y. July 20, 2017). ("The tenant that a court must accept as true all of the allegations contained in a complaint is in inapplicable to legal conclusions." Ashkroft v. Iqbal, supra at 678, citing Bell Atlantic Corporation v. Trombly, supra at 555). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashkroft v. Iqbal, supra at 679. "To survive a motion to dismiss pursuant to Civil Procedure 12(b)(6), a complaint must contain enough factual matter to state a claim to relief that is plausible on its face." Aleem v. Experience Hendrix, L.L.C., supra at 2, citing Ashcroft v. Iqbal, supra at 678; Bell Atlantic Corporation v. Trombly, supra at 570; see also Williams v. Rosenblatt Securities, Inc., 136 F.Supp.3d 593, 600 (S.D.N.Y. 2015). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' [citing Ashcroft v. Iqbal, supra at 678, citing Twombly, 550 U.S. at 556]). Accordingly, a plaintiff is required to support its claims with sufficient factual allegations to show 'more than a sheer possibility that a defendant has acted unlawfully.' *Id.* If the plaintiff has not 'nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed.' *Iqbal,* 556 U.S. at 680 (quoting *Twombly,* 550 U.S. at 570)." Aleem v. Experience Hendrix, L.L.C., supra at 2. See also Fontanez v. Skepple,

supra at 2; <u>Willing v. Suffolk County Dept. of Social Services</u>, 2010 WL 2736941 at 2 (E.D.N.Y. 2010). Importantly, "[w]here a pro se litigant is involved, the same standards for dismissal apply." <u>Williams v. Rosenblatt Securities Inc.</u>, 136 F.Supp.3d 593, 600 (S.D.N.Y. 2015).

When ruling on a motion to dismiss under Rule 12(b)(6) "the court is generally confined to the four corners of the complaint and allegations contained therein." <u>Fontanez v. Skepple</u> supra at 2, citing <u>Roth v. Jennings</u>, 489 F.3d 499, 509 (2d Cir. 2007); <u>see also Williams v. Rosenblatt Securities Inc.</u>, supra at 600, citing, <u>Taylor v. Vt. Dep't of Educ.</u>, 313 F.3d 768, 776 (2d Cir.2002); <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002) ("When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken.").

In the matter before this Court, Plaintiffs submit a 47 page complaint laden with conjecture, presupposition and legal dicta. Plaintiffs' allegations of Constitutional rights violations and violations of various Federal laws are purely speculative. Plaintiff provides no factual basis or factual allegations as to how Defendant Michael Quinn has violated any law or right. In fact, Plaintiffs fail to make a single allegation that Michael Quinn was personally involved in any manner in any action, activity or violation alleged. Thus, Plaintiffs have not crossed the line "from conceivable to plausible." <u>Ashkroft v. Iqbal</u>, supra at 680. Here, the only allegation made which may be perceived as applicable to

Defendant Quinn is that his employer may or may not have provided information to the IRS pursuant to a summons served upon it by the Agency. This single, unsupported allegation cannot plausibly constitute "Conspiracy against rights, RICO, Mail Fraud, Violating plaintiff(s)' unalienable (sic) right of due process under color of law protected by Amendment V, Trespass on the case, Fraud, Negligence, Vindictive Recklessness, Abuse of Process, Harassment and Right to be Secure in Papers" on the part of Defendant Quinn. See Plaintiffs' Complaint at pages 1 and 2 of 47 at Bailey Declaration, Exhibit "A."

"In ruling on a motion to dismiss pursuant to Rule 12(b)(6) the Court must confine itself to the four corners of the complaint and look only to the allegations contained therein." Aleem v. Experience Hendrix, L.L.C., supra at 4, citing Roth v. Jennings, 489 F.3d 499, 509 (2nd Cir 2007). Because the Court is limited to the four corners of the Complaint and exhibits annexed thereto (see, Fontanez v. Skepple, supra at 2-3), it is unnecessary to set forth each element of each law Plaintiffs allege to have been violated. "[T]he purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the pleadings without considering the substantive merits of the case." Aleem v. Experience Hendrix, L.L.C., supra at 3, citing Global Network Commc'n v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006). "A complaint that 'tenders naked assertions devoid of further factual enhancement' will not survive a motion to dismiss under Rule 12(b)(6)." Aleem v. Experience Hendrix, L.L.C., supra at 2, citing, Ashkroft v. Iqbal, supra at 678. Taken as a whole, and giving Plaintiffs every benefit of the doubt that the allegations contained therein are true, the complaint fails to set forth a single cause of action against Defendant Quinn.

Therefore, The Court must dismiss Plaintiffs' Complaint for failing to state a cause of action for which relief can be granted pursuant to Federal Civil Procedure Rule 12(b)(6). "[S]uch a motion is intended to weed out meritless claims." <u>Aleem v. Experience Hendrix, L.L.C.</u>, supra at 4, citing <u>Zeising v. Kelly</u>, 152 F.Supp.2d 335, 342 (S.D.N.Y. 2001).

## POINT II

## <u>PLAINTIFFS CAUSES OF ACTION ARE WITHOUT MERIT AND MUST BE DISMISSED, WITH PREJUDICE.</u>

Plaintiff sues Defendants under the following causes of action: Conspiracy against rights, RICO, Mail Fraud, Violating plaintiff(s)' unalienable (sic) right of due process under color of law protected by Amendment V, Trespass on the case, Fraud, Negligence, Vindictive Recklessness, Abuse of Process, Harassment and Right to be Secure in Papers. See Plaintiffs' Complaint at Bailey Declaration, Exhibit "A." Defendant explains herein why each cause of action must be dismissed against Defendant Quinn, with prejudice.

A.   <u>Conspiracy against rights</u>

Under 18 U.S.C. §241 "Conspiracy against [Civil] Rights" Plaintiffs must be able to prove that "two or more persons conspire[d] to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or  If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured."

Plaintiffs make veiled allegations they are being singled out by the IRS because of his political beliefs. Although nonsensical in any event, Plaintiffs make no allegation that Defendant Michael Quinn has done anything that would indicate political persecution or cause injury to Plaintiffs in any manner. If indeed some person who is employed by the same employer as Mr. Quinn provided Plaintiffs' bank account(s) information to the IRS in compliance with the administrative summons because Plaintiffs owe a tax debt to the Agency, the action in no manner can fit into an action for conspiracy against rights by Mr. Quinn. Furthermore, the Bank and its agents, including its President and CEO Michael J. Quinn, are statutorily immune from liability for complying with an IRS summons (see below).

In addition, civil rights conspiracy statute language requiring intent to deprive of equal protection or equal privileges and immunities means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the alleged conspirators' action, and the "conspiracy" must aim at the deprivation of equal enjoyment of rights secured by law to all. See, 42 U.S.C.A. § 1985(3).

B. RICO

Plaintiffs' Cause of Action for alleged violations of RICO is facially deficient. To establish a civil RICO claim, a plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity, as well as: (5) resulting injury to business or property. Anatian v. Coutts Bank (Switz.) Ltd., 193 F.3d 85, 88 (2d Cir. 1999). "Civil RICO is an unusually potent weapon – the litigation equivalent of a thermonuclear device.

Plaintiffs have not properly alleged any purportedly prohibited activity on the part of Defendant Quinn. The only allegation made against Defendant Quinn, that his employer may or may not have complied with an IRS summons, cannot constitute prohibited activity as the Bank has complete statutory immunity for its compliance as set forth below. Furthermore, Plaintiffs cannot allege that the act of complying with an IRS summons is activity in furtherance of a fraudulent scheme. Instead, Plaintiffs have resorted to making vague, unsupported, and demonstrably insufficient allegations of wrongdoing on the part of Defendants as a whole, but again, make no specific allegations of an act or omission on the part of Defendant Quinn.

In addition to failing to plead any purportedly prohibited activity in support of their RICO claim, Plaintiffs have *also* failed to identify the existence of any enterprise that is separate from the pattern of racketeering activity and distinct from the person conducting the affairs of the enterprise. See First Cap. Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 173 (2d Cir. 2004). Moreover, Plaintiffs have failed to assert any concrete injuries to any property interests protected by RICO. Tsipouras v. W & M Props., Inc., 9 F.Supp. 2d 365, 368 (S.D.N.Y. 1998). Plaintiffs' Complaint fails to adequately plead a civil RICO claim against Defendant Quinn.

C.     Mail Fraud

Under 18 U.S.C. Section 1341 the elements of Mail fraud are: "(1) having devised or intending to devise a scheme to defraud (or to perform specified fraudulent acts), and (2) use of the mail for the purpose of executing, or attempting to execute, the scheme (or

specified fraudulent acts)." <u>Schmuck v. United States</u>, 489 U.S. 705, 721 n. 10 (United States Supreme Court 1989); <u>see also</u> <u>Pereira v. United States</u>, 347 U.S. 1, 8 (1954) ("The elements of the offense of mail fraud under . . . §1341 are (1) a scheme to defraud, and (2) the mailing of a letter, etc., for the purpose of executing the scheme."). Laura A. Eilers & Harvey B. Silikovitz, *Mail and Wire Fraud*, 31 Am. Crim. L. Rev. 703, 704 (1994).

The within Plaintiffs do not allege an act of mailing of any documents by Defendant Quinn. The cause of action for mail fraud against Defendant Quinn is without merit.

D.   <u>Violating Plaintiffs inalienable right of due process under color of law protected by Amendment V</u>

The Fifth Amendment to the United States Constitution states that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

Plaintiffs fail to make a showing that Defendants have violated their right against self-incrimination. Plaintiffs claim to be sovereign citizens and thus not subject to payment of taxes. However, this claim is bellied by Plaintiff John Vidurek's allegation that his Social Security benefits are garnished for an income tax debt. See Plaintiffs' Complaint at Bailey Declaration, Exhibit "A." It is axiomatic that if one is not subject to payment of

taxes, one would not be in receipt of a government benefit that citizens receive due to payment into the Federal income tax system. Thus, Plaintiffs' allegation that they are deprived of rights under the Fifth Amendment is illogical.

Under Title 18, U.S.C., Section 242, it is a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S. Acts under "color of any law" include acts not only done by federal, state, law enforcement or local officials within the bounds or limits of their lawful authority. Id. This law further prohibits a person acting under color of law, statute, ordinance, regulation or custom to willfully subject or cause to be subjected any person to different punishments, pains, or penalties, than those prescribed for punishment of citizens on account of such person being an alien or by reason of his/her color or race. Id.

Not only are Plaintiffs not part of a protected class as they have not claimed to be "aliens" or members of a racially protected class, but certainly Mr. Quinn does not fall into a category of acting under color of law. He is the President and CEO of Rhinebeck Savings Bank. See Bailey Declaration submitted herewith.

The Courts have previously held that there is no constitutional violation for a third party financial institution's compliance with an IRS summons. See, for instance, Muratore v. Dept. of the Treasury, 315 F.Supp.2d 305, 310-311 (W.D.N.Y. 2004); Reimer v. U.S., 43 F. Supp.2d 232, 237 (N.D.N.Y. 1999). In Muratore, the Western District noted "b]cause our system of federal taxation relies on self-reporting, it is essential that the IRS have the

power to issue administrative summonses in order to have effective oversight." *Upton v. I.R.S.,* 104 F.3d 543, 545 (2d Cir.1997) (citing *United States v. Arthur Young & Co.,* 465 U.S. 805, 816, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984), and *United States v. Bisceglia,* 420 U.S. 141, 145-46, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975))." Muratore, supra at 306. "Pursuant to 26 U.S.C. §7609, whenever a summons is served upon a 'third-party record keeper,' the IRS must give notice of the summons to the person who is identified as the subject of the records sought (ordinarily the taxpayer who is the subject of an IRS audit or investigation). 26 U.S.C. §7609(a)(1). That person then has the right to initiate a proceeding in federal court to quash the summons. 26 U.S.C. §7609(b), (h)(1)." Muratore, supra at 307. "[T]he primary issue presented by a summons enforcement proceeding is not whether the IRS has established, or is even likely to establish guilt or liability on the taxpayer's part; rather, the issue is whether the IRS had a valid tax determination or collection purpose in issuing its summons." Muratore, supra at 308. As here, the Plaintiff in Muratore alleged, *inter alia,* a violation of his Fifth Amendment rights. See Muratore, supra generally. The Court declared that "[t]his assertion, too, lacks merit." At 309. "[A] taxpayer may not claim the privilege against self-incrimination through a generalized, blanket assertion. *United States v. Schmidt,* 816 F.2d 1477, 1482 (10th Cir.1987); *accord United States v. Argomaniz,* 925 F.2d 1349, 1353 n. 8, 1356 (11th Cir.1991). Id. "Rather, to properly invoke the privilege, the taxpayer must comply with the summons by appearing and by asserting the privilege on a document-by-document basis. *Schmidt,* 816 F.2d at 1482. Petitioners have not done so here." Muratore, supra at 310.

In fact, 42 U.S.C. §1983 "permits civil recovery for constitutional violations occurring under color of state law. But '[a]n action brought pursuant to 42 U.S.C. §1983 cannot lie against federal officers.' *Kingsley v. Bureau of Prisons,* 937 F.2d 26, 30 n. 4 (2d Cir.1994). That is settled, and accordingly, any Section 1983 claims against the individual Federal Defendants fail. Likewise, because the Non–Federal Defendants concededly were operating as mere custodian representatives, and not under color of state law, there is no viable Section 1983 claim against them. *Graseck v. Mauceri,* 582 F.2d 203, 207 (2d Cir.1978)." Scheuering v. U.S., 2014 WL 6865727 (S.D.N.Y. 2014) at 5. Thus, here Plaintiffs cause of action under "violating plaintiffs unaliable [sic] right of due process under color of law protected by Amendment V" must be dismissed with prejudice (see Id.).

E.     Trespass on the Case

"[I]f the injury be merely consequential upon the act, that action upon the case is the proper remedy." Percival v. Hickey, 18 Johns. 257, 262 (Supreme court of New York 1820)."[1] "Trespass on the case is an old common law cause of action, the purpose of which was "to supply a remedy where the other forms of [trespass] actions were not applicable. Scheuering v. U.S., supra at 5, citing Socony–Vacuum Oil Co. v. Baily, 202 Misc. 364, 365–66 (N.Y. Sup.Ct. Cattaraugus Cnty.1952). "The operation of this concept here is strained at best, but according the complaint all due leniency, a viable trespass on the case claim would require damage suffered that was 'consequential or indirect and not the direct result of' a physical trespass or other wrongful or negligent physical act." Id. In Scheuering

---

[1] See also, Chase v. Hale, 8 Johns. 461 (Supreme Court of New York 1811) where the court found that that the act of enticing away the wife of Plaintiff an act of trespass on the case.

16

v. U.S., as here, "[t]he complaint contains no facts suggesting there have been wrongful or negligent physical acts, much less cognizable injury resulting therefrom, which forecloses this outdated mode of recovery." Scheuering v. U.S., supra at 5. This Court, therefore, dismissed "all claims sounding in trespass" with prejudice. Id.

F.    Fraud

"A claim of common law fraud is met when the following elements are proven: '(1) a material, false representation; (2) an intent to defraud thereby; (3) reasonable reliance on the representation; and (4) damage to the plaintiff.' *Wanamaker v. Columbian Rope Co.,* 740 F. Supp. 127, 141 (N.D.N.Y.1990) (citing *Katara v. D.E. Jones Commodities, Inc.,* 835 F.2d 966 (2d Cir.1987)). Specifically: [t]o prevail on a claim for common law fraud, the plaintiff must prove that the defendant made a false representation of fact, that the defendant made the representation with scienter, that the defendant intended the plaintiff to act or to refrain from acting in reliance on the misrepresentation, that the plaintiff justifiably relied upon the misrepresentation in taking ... action and that the plaintiff sustained pecuniary loss as a result of this reliance. *First City Nat. Bank & Trust Co. v. Federal Deposit Ins. Co.,* 730 F.Supp. 501, 513–14 (E.D.N.Y.1990) (quoting *Aeronca, Inc. v. Gorin,* 561 F.Supp. 370, 372 (S.D.N.Y.1983))." Roso v. Saxon Energy Corp., 758 F.Supp. 164, 168 (S.D.N.Y. 1991). As noted throughout the within Memorandum of Law and in the Attorney Declaration submitted herewith, Plaintiffs fail to make a single allegation against Defendant Michael J. Quinn, other than his employer may have complied with an IRS summons for which his employer and he, as the Bank's agent, have complete

immunity. It is not alleged that Defendant Quinn made any false representation for which Plaintiffs' relied to their detriment. This cause of action also fails.

G.   Negligence

"The elements of a cause of action alleging common-law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach was a proximate cause of the plaintiff's injury (*see Merchants Mut. Ins. Co. v. Quality Signs of Middletown,* 110 A.D.3d 1042, 1043, 973 N.Y.S.2d 787; *Demshick v. Community Hous. Mgt. Corp.,* 34 A.D.3d 518, 519, 824 N.Y.S.2d 166). '[A] duty may arise from negligent words or acts that induce reliance' (*Heard v. City of New York,* 82 N.Y.2d 66, 71, 603 N.Y.S.2d 414, 623 N.E.2d 541; *see Kievman v. Philip,* 84 A.D.3d 1031, 1032, 924 N.Y.S.2d 112). '[O]ne who assumes a duty to act, even though gratuitously, may thereby become subject to the duty of acting carefully' (*Mirza v. Metropolitan Life Ins. Co.,* 2 A.D.3d 808, 809, 770 N.Y.S.2d 384, quoting *Nallan v. Helmsley–Spear, Inc.,* 50 N.Y.2d 507, 522, 429 N.Y.S.2d 606, 407 N.E.2d 451). '[T]he question is whether defendant's conduct placed plaintiff in a more vulnerable position than plaintiff would have been in had defendant done nothing' (*Heard v. City of New York,* 82 N.Y.2d at 72, 603 N.Y.S.2d 414, 623 N.E.2d 541; *see Malpeli v. Yenna,* 81 A.D.3d 607, 609, 915 N.Y.S.2d 628)." Esen v. Narian, 63 N.Y.S.3d 493, 494-495 (2nd Dept. 2017).

Again, Plaintiffs make no allegation against Defendant Quinn which would meet the elements of a cause of action for negligence. This cause of action must also be dismissed.

H.    Vindictive Recklessness

Despite extensive research, your Affiant could find no cause of action for "Vindictive Recklessness." Thus, this "cause of action" must be dismissed.

I.    Abuse of Process

Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of process in a perverted manner to obtain a collateral objective' (*Curiano v. Suozzi, 63 N.Y.2d 113, 116, 480 N.Y.S.2d 466, 469 N.E.2d 1324; see Hudson Val. Mar., Inc. v. Town of Cortlandt, 79 A.D.3d 700, 702, 912 N.Y.S.2d 623; Berisic v. Winckelman, 40 A.D.3d 561, 562, 835 N.Y.S.2d 390*). Ettienne v. Hochman, 83 A.D.3d. 888, 888 (2nd Dept. 2011); See also, Curiano v. Suozzi, 63 N.Y.2d 113 (Court of Appeals 1984). "First, the process used must involve 'an unlawful interference with one's person or property.'" (Internal citations omitted). Id. at 116. "Moreover, plaintiffs have not alleged the 'gist of the action for abuse of process' which is 'the improper use of process after it is issued.'" (Internal citations omitted). Id. at 117. An allegation that Defendants acted maliciously in issuing the summons, or complying therewith "alone, however, does not give rise to a cause of action for abuse of process." Id. at 116-117. Again Plaintiffs fail to establish a prima facie entitlement to an award for damages based on an abuse of process claim. Plaintiffs do not allege that Mr. Quinn issued any process let alone with a malicious motive. This cause of action against Defendant Quinn must also be dismissed.

J.    Harassment

Plaintiffs' cause of action in harassment must be dismissed as New York does not recognize a common-law cause of action for harassment. Savitt v. Estate of Nicholas Passantino, 41 Misc.3d 1219(A) (Supreme Court, New York County 2013).

K.    Right to be Secure in Papers

The Fourth Amendment of the U.S. Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Thus, in order for a search warrant to be issued or an arrest made, the prosecuting officer must have probable cause to do so. Here, Defendant Quinn is not a State actor. He has no ability to issue a search or arrest warrant. This cause of action must be dismissed.

## POINT III

### MICHAEL J. QUINN IS STATUTORILY IMMUNE FROM CIVIL LIABILITY FOR HIS EMPLOYER'S COMPLIANCE WITH AN I.R.S. SUMMONS

26 U.S. Code Section 7602 authorizes the IRS to "examine any books, paper, records or other data" that may be relevant to collect the amount of tax, penalties, and interest owed to the Government by any taxpayer. Should the taxpayer refuse to provide the information voluntarily, the IRS has the power to issue a summons to compel either the tax payer or a third party to produce the information. See 26 U.S. Code at §§7601 through

7613. A summoned third party is not entitled to commence an action to contest the validly of an IRS summons and may in fact be prosecuted for willfully failing to comply under I.R.C. §7210; Reisman v. Caplin, 375 U.S. 440, 446 (1964); United States v. Becker, 259 F.2d 869 (2d Cir. 1958).

As noted in the Attorney Declaration of John W. Bailey submitted herewith, Defendant Michael Quinn is the President and CEO of Rhinebeck Savings Bank. The only allegation Plaintiffs make in their Complaint against Mr. Quinn is that Rhinebeck Savings Bank may have complied with an IRS summons seeking Plaintiffs' financial information.

Under 26 U.S. Code §7609(i)(1), the financial institution summoned has an absolute duty to respond to an IRS summons. The statue reads "[o]n receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined."

Importantly, absolute immunity protects the party responding to an IRS summons for records under 26 U.S. Code §7609 (i)(3). The statue makes clear, that "[a]ny summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure." (Emphasis added).

Thus, even if Plaintiffs adequately plead their Complaint, which they did not, Mr. Quinn, as President and CEO of the summoned institution, is immune from liability in relation to the Bank's compliance with the summons. No allegations infer that Mr. Quinn acted in bad faith. Plaintiffs in fact make no allegations specific to Mr. Quinn having acted or failed to act in any manner consistent with any of their causes of action. Consequently, Plaintiffs' Complaint against this Defendant should be dismissed as a matter of law.

Such is what this Court found in a case very similar to that at bar. In Scheuering v. U.S., 2014 WL 6865727 (S.D.N.Y. 2014) this court's analysis was as follows:

"Plaintiff asserts claims against the Non–Federal Defendants for their role in causing DTCC to garnish Plaintiff's wages. There is little question that the IRS is entitled by statute to place a levy on a delinquent taxpayer's wages. *See* 26 U.S.C. § 6332(a). Doing so is constitutional. *United States v. Nat'l Bank of Commerce,* 472 U.S. 713, 721, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985) ('The constitutionality of the levy procedure, of course, 'has long been settled' (citation omitted)). Where the IRS serves notice of a levy upon a third-party custodian like DTCC, the IRS thereby takes constructive possession of the delinquent taxpayer's property. *Soffer v. United States,* No. 01–cv–945, 2002 U.S. Dist. LEXIS 9497, at *19–20 (S.D.N.Y. Mar. 20, 2002). The custodian must thereafter comply with the levy or incur liability. 26 U.S.C. § 6332(d)(1). Notably, the custodian's '[c]ompliance with the obligation to honor the levy extinguishes liability to the claimant of the property.' *Schiff v. Simon & Schuster, Inc.,* 780 F.2d 210, 212 (2d Cir.1985) (citing 26 U.S.C. § 6332(d)).
This is precisely what transpired here, as is clear from the face of the complaint. The Non–Federal Defendants and DTCC garnished Plaintiff's wages as they were required to do, upon receiving a 'Notice of Levy' from the IRS. *See* Compl. ¶¶ 62, 74–78. Aside from that, the complaint alleges no act by the Non–Federal Defendants that could make them liable to Plaintiff on any of the claims asserted. Instead, their compliance with the levy extinguishes any liability, thereby making them statutorily immune from suit. *Schiff* 780 F.2d at 212. This immunity, in turn, strips the Court of subject matter jurisdiction for all claims against the Non–Federal Defendants."
Scheuering v. U.S., at 4.

Notably, this court dismissed the causes of action against the Defendants, with prejudice. Id.

Finally, "the complaint alleges no act by [Defendant Quinn] that could make [him] liable to Plaintiff[s] on any of the claims asserted. Instead, [the Bank's] compliance with the [summons] extinguishes any liability, thereby making [him] statutorily immune from suit. (Citing Schiff v. Simon & Schuster, Inc., 780 F.2d 210, 212). "This immunity, in turn, strips the Court of subject matter jurisdiction for all claims against the Non–Federal Defendants," including Defendant Michael J. Quinn. Scheuering v. U.S., supra at 4.

## POINT IV

### MICHAEL J. QUINN AND HIS EMPLOYER, RHINEBECK SAVINGS BANK ARE ENTITLED TO AN INJUNCTION PROHIBITING PLAINTIFFS FROM FILING FURTHER ACTIONS AGAINST THEM IN THIS COURT WITHOUT PRIOR CONSENT OF THE COURT

"Public policy generally mandates free access to the courts (*see Vogelgesang v. Vogelgesang,* 71 A.D.3d 1132, 1134, 899; *Sassower v. Signorelli*, 99 A.D.2d 358, 359, 472 N.Y.S.2d 702). However, a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation motivated by spite or ill will (*see Duffy v. Holt–Harris*, 260 A.D.2d 595, 687 N.Y.S.2d 265; *Matter of Shreve v. Shreve*, 229 A.D.2d 1005, 645 N.Y.S.2d 198)." Liang v. Wei Ji, --- N.Y.S.3d ----2017 WL 5762046 (2nd Dept. November 29, 2017).

"A district court has the authority to enjoin a plaintiff who engages in a pattern of vexatious litigation from continuing to do so. *Fitzgerald v. Field,* No. 99 Civ. 3406(RWS),

1999 WL 1021568, at *5 (S.D.N.Y. Nov. 9, 1999); *see Safir v. United States Lines, Inc.,* 792 F.2d 19, 23 (2d Cir.1986)." Lipin v. National Union Fire Ins. Co. of Pittsburgh, Pa., 202 F.Supp.2d 126, 142 (S.D.N.Y. 2002). "A federal district court may, after providing an appropriate opportunity to be heard, prohibit a vexatious litigant from filing, in that particular court, any action pro se (that is, without counsel), without prior leave of that court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ('If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.') [internal quotations and citations omitted]; *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a pro se plaintiff has demonstrated a 'clear pattern of abusing the litigation process by filing vexatious and frivolous complaints,' a 'leave to file' requirement may be instituted by the court as an appropriate sanction)." McMillian v. Walters, 2017 WL 3973932 at 4 (S.D.N.Y. September 8, 2017).

In determining whether or not to restrict a litigant's future access to the courts, courts in this Circuit consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. See Lipin v. National Union Fire Ins. Co. of Pittsburgh,

Pa., at 142; see also, Iwachiw v. New York State Dep't of Motor Vehicles, 396 F.3d 525, 528 (2d Cir. 2005).[2]

In Lipin, this Court issued a permanent injunction prohibiting the Plaintiff from litigating further claims, noting that the Plaintiff in Lipin, such as the Plaintiffs here, "'cannot be depended upon to accept the results of motion practice or the dismissal of [their] claims.'" Lipin v. National Union Fire Ins. Co. of Pittsburgh, Pa., supra at 142, citing Fitzgerald v. Field, 1999 WL 1021568, at 5 (S.D.N.Y. 1999). In that case, as here, the Court considered the fact that it was "the fourth complaint filed by Plaintiff asserting essentially the same claims in slightly altered guise" and furthermore, "Plaintiff's prior attempts to pursue these claims have been rejected by state and federal courts." Lipin v. National Union Fire Ins. Co. of Pittsburgh, Pa. supra at 142. As the Court noted in Lipin, it was clear that plaintiff "could not be depended upon to desist from relitigating the claims which had become the basis of an ever-broadening conspiracy theory." Similarly, the

---

[2] The State Courts in this jurisdiction follow similar principles. "When a litigant is abusing the judicial process by hagriding individuals solely out of ill will or spite, equity may enjoin such vexatious litigation." Manwani v. Manwani, 286 A.D.2d 767, 768-769 (2nd Dept. 2001); Sassower v. Signorelli, 99 A.D.2d 358, 359 (2nd Dept. 2010)(where the Court beings its Decision by stating "[t]his appeal is the latest in a series of frivolous and repetitious claims."); see also Spremo v Babchik, 155 Misc.2d 796, 797 (Supreme Court, Queens County 1992) (Similar to the matter at bar, the lower court noted "[t]hese lawsuits have resulted in vexation, harassment and needless expense to the defendants thus sued as well as to the state which is charged with the expense of defending the public officials and have placed an unnecessary burden on the courts and the supporting personnel. This plaintiff's pattern of bringing repetitive, irresponsible and malicious pro se filings constitutes a flagrant and serious abuse of the judicial process and must be stopped.").

Plaintiffs in the action before this Court started by suing just Rhinebeck Savings Bank in 2008. See Bailey Declaration at **Exhibit "D."** After nearly ten years and four actions later, Plaintiffs now name thirteen Defendants and allege essentially the same Constitutional rights violations. Even more pronounced than in <u>Lipin</u>, the Vidureks' "ever broadening conspiracy theory" has grown more than tenfold in nearly as many years.

"Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." <u>Safir v. U.S. Lines, Inc.</u>, 792 F.2d 19, 24 (US Court of Appeals, Second Circuit 1986). See also, <u>In re Martin-Trigona</u>, 737 F.2d. 1254 (U.S. Court of Appeals, Second Circuit 1984)(citing to, <u>Matter of Hartford Textile Corp.</u>, 681 F.2d 895, 897 [2d Cir.1982]) , where the court issued an order of protection, determining that "[a] history of litigation entailing 'vexation, harassment and needless expense to [other parties]' and 'an unnecessary burden on the courts and their supporting personnel' is enough." As noted in the Declaration of John W. Bailey submitted herewith, Plaintiffs have sued Defendants making nearly identical allegations in 2008, 2013, October, 2017 and November, 2017. Plaintiffs' 2008 motion was denied and their 2013 and October 2017 actions were dismissed. See Bailey Declaration at Exhibits "B," "G" and I" submitted herewith. The Plaintiffs herein have clearly demonstrated that they will continue to abuse the judicial process and harass the named parties without this Court's intervention.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Complaint should be dismissed against Defendant Michael J. Quinn in its entirety and an injunction issued prohibiting the Plaintiffs from filing further actions against Defendant Quinn or his employer, Rhinebeck Savings Bank, without the express consent of this Court.