UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIDUREK, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> KOSKINEN, ET AL., <br><br> Defendants. | Case No. 17-cv-09064-VB |

# DEFENDANT GUY CHIARELLO'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S "VERIFIED ACTION AT LAW"

**POLSINELLI PC**

Jason A. Nagi
John W. Peterson
600 Third Avenue, 42nd Floor
New York, New York 10016
212.644.2092
jnagi@polsinelli.com

*Attorneys for Defendant Guy Chiarello*

Defendant Guy Chiarello ("Mr. Chiarello" or "Defendant") hereby moves to dismiss Plaintiffs John and Kimberly Vidurek's ("Plaintiffs") "Verified Action at Law" ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process under Federal Rule of Civil Procedure 4 or, in the alternative, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## STATEMENT OF FACTS

1. On or about November 20, 2017, Plaintiffs filed their Complaint in the United States District Court for the Southern District of New York.

2. Plaintiffs' Complaint asserts claims and seeks damages against Mr. Chiarello in his individual capacity. (*See* Compl. at 1, 47.)

3. On or about November 21, 2017, Plaintiffs sent via certified mail the Summons and the Complaint (without exhibits) to Mr. Chiarello at "First Data Merchant Serv Corp" at "5775 DTC Blvd No Greenwood Village CO 80111". (ECF No. 4 (Pls.' Aff. of Service) at 1.)

4. Plaintiffs did not include the exhibits to the Complaint, nor did Plaintiffs include an acknowledgment form or return envelope, postage prepaid.

5. Mr. Chiarello did not receive or execute an acknowledgement of service form.

6. Mr. Chiarello is the President of First Data Corporation, not of First Data Merchant Services LLC ("FMDS").[1] Regardless, this is irrelevant for the purposes of this Motion, as neither First Data Corporation nor FDMS are parties named by Plaintiffs in this lawsuit.

---

[1] In January 2016, First Data Merchant Services Corporation changed its name to First Data Merchant Services LLC.

# ARGUMENT

## I.

**THE CLAIMS AGAINST MR. CHIARELLO SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5).**

### A.    Legal Standard

Under Rule 12(b)(5), a defendant may move to dismiss for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). Insufficient service of process deprives the Court of authority to exercise personal jurisdiction over a defendant. *Tokio Marine & Nichido Fire Ins. Co., Ltd. v. Canter*, No. 07 Civ. 5599(PKL), 2009 WL 2461048, at *8 (S.D.N.Y. Aug. 11, 2009) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") Once a defendant challenges service of process in a motion to dismiss, the burden of proof is on the plaintiff to establish service was sufficient. *Mende v. Milestone Tech., Inc.,* 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

### B.    Plaintiff Did Not Properly Serve Mr. Chiarello Under Federal Rule of Civil Procedure 4(e).

Under Federal Rule of Civil Procedure 4(e), an individual defendant within a judicial district of the United States may only be served with process in a limited number of ways. A plaintiff may "deliver[] a copy of the summons and of the complaint to the individual personally [or] "leav[e] a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there" [or] "deliver[] a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Alternatively, a plaintiff attempting to serve process on an individual may "follow state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" *Id.*

2

In this action, Plaintiffs' "Affidavit of Service" states they served Mr. Chiarello "by depositing a true copy in the United States Post Office thereby mailing said documents to the respective offices [sic] . . . ." (ECF No. 4 at 1.) Plaintiffs have therefore confessed they did not comply (or even attempt to comply) with federal law in attempting to serve process upon Mr. Chiarello, in that they did not "deliver" process to him "personally", nor did they "leav[e] a copy at his "dwelling or usual place of abode with someone of suitable age and discretion who resides there" or "deliver" process to any registered agent.[2]

Therefore, service of process upon Mr. Chiarello is necessarily ineffective by Plaintiffs' own admission unless they complied with the laws for service of process in New York (where this action was commenced) or in Colorado (where Plaintiffs attempted to serve Mr. Chiafolo). As set forth below, Plaintiffs did not and therefore this action must be dismissed.

    **C.    Service of Process Was Insufficient Based on Plaintiff's Failure to Properly Serve Mr. Chiarello Under New York CPLR § 312-a and § 308 and Under Colorado CRCP 4.**

New York law provides for service of process on an individual defendant by first class mail only if the mailing contains not only the summons and complaint but also an acknowledgment form and a return envelope, postage prepaid. *See* CPLR § 312-a(a); *Mende*, 269 F. Supp. 2d at 251. For service by mail to be effective, the defendant must sign, date, and complete the acknowledgement form and mail/deliver a copy to the plaintiff. *See* CPLR § 312-a(b); *Mende*, 269 F. Supp. 2d at 251 (citing *Dillion v. U.S. Postal Serv.*, No. 94 Civ. 3187(SAS), 1995 WL 447789, at *4 (S.D.N.Y. July 28, 1995) ("Service is not complete until the defendant returns the acknowledgment form to the plaintiff, and '[i]f the acknowledgment of receipt is not

---

[2] As set forth above in Section I, service of process was further ineffective because Plaintiffs did not serve a complete copy of the Complaint, instead including in the mailing envelope only a copy of the Complaint itself, without exhibits.

3

mailed or returned . . . [the plaintiff] is required to effect personal service in another manner.'") In this case, Plaintiffs did not include an acknowledgement form or a return envelope, postage prepaid, and no such acknowledgement was executed or returned.

New York law also provides for service of process on an individual at his or her place of business by delivering the summons and complaint to a person of suitable age and discretion at the person's actual place of business and by either mailing the summons at his or her last known residence or by first class mail to the person at his or her actual place of business in an envelope bearing the legend "personal and confidential" *See* CPLR § 308(2). As demonstrated by Plaintiffs' Affidavit of Service (ECF No. 4), Plaintiffs did not attempt to effectuate personal service on Mr. Chiarello, nor did Plaintiffs mail the summons and complaint to Mr. Chiarello's "actual place of business."[3]

Colorado law only provides for service of process upon an individual in the same ways as provided in Federal Rule of Civil Procedure 4(e). *See* CRCP 4(e); (Section II.C above). Colorado law only provides for service by mail only upon leave of court (which in this case did not occur). *See* CRCP 4(g). Plaintiffs' effort to serve Mr. Chiarello by mail therefore also fails under Colorado law.

By their own admission, Plaintiffs' effort to serve Mr. Chiarello by certified mail at "First Data Merchant Serv Corp" in "Glenwood Village CO" necessarily fails under the Federal Rules of Civil Procedure and New York and Colorado law applicable to service of process in their courts of general jurisdiction, as none of those rules authorize service in the manner Plaintiffs attempted. The Complaint against Mr. Chiarello must therefore be dismissed under Federal Rule of Civil Procedure 12(b)(5).

---

[3] Mr. Chiarello is the President of First Data Corporation and offices in New York.

4

## II.

### PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

Alternatively, Plaintiffs' Complaint must also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Pursuant to this standard, a plaintiff must at least allege facts which, if proven to be true, support all of the elements of each cause of action asserted. *Ogbon v. Beneficial Credit Serv., Inc.*, No. 10 CV 03760(GBD), 2011 WL 347222, at *2 n.4 (S.D.N.Y. Feb. 1, 2011) ("A complaint does not suffice by tendering "'naked assertion[s]' devoid of 'further factual enhancement.' . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). At a minimum, a plaintiff must have at least a good faith belief to support an actionable claim that the required elements occurred. Pure speculation is not sufficient. *Ogbon,* 2011 WL 347222, at *1 (A complaint must contain enough factual allegations to "raise a right to belief above the speculative level.").

In *Ogbon*, this Court dismissed 19 claims against various defendants, finding that complaint contained insufficient factual allegations to support the plaintiff's claims:

> The Complaint is devoid of specific factual allegations regarding the wrongful conduct of each of the individual Defendants with respect to any of the nineteen claims. The Complaint primarily consists of unsupported conclusory allegations regarding Defendants as a collective group. . . . Plaintiff never alleges individual conduct that, if proven, would demonstrate that a law was violated or would otherwise state a claim for relief against any particular Defendant.

*Ogbon,* 2011 WL 347222, at *2.

Like the plaintiff and her allegations in *Ogbon*, it is virtually impossible to determine what, if any, allegations these Plaintiffs assert against Mr. Chiarello, as all Defendants are

5

improperly grouped together throughout the Complaint without distinction. Plaintiffs do not make a single allegation about improper conduct on the part of Mr. Chiarello anywhere in the 47 pages of the Complaint. Moreover, it is unclear what relationship Mr. Chiarello might possibly have to Plaintiffs other than he is allegedly the president of First Data Merchant Services LLC ("FDMS"), a multi-national payment card processing company. What is clear is that after he is named as a party, the only time the Complaint mentions Mr. Chiarello is on the very last page:

> [P]laintiff(s) moves this court of record as follows: Defendants Daniel H. Schulman, *Guy Chiarello*, Mary Madden, Michael J. Quinn and Jack Dorsey shall pay $10,000 each for violating the Safe Harbor Privacy Principles. *If said defendants did not share plaintiff(s)' financial information with the IRS there is no claim against them.*

(Compl. at 47 (emphasis added).)

In other words, Plaintiffs confess they do not know whether FDMS (or Mr. Chiarello) provided (or "shared") any of "plaintiff(s)' financial information with the IRS" or not. Plaintiffs therefore do not have the requisite good faith basis upon which to state a claim against Mr. Chiarello (or FDMS) and the Complaint must be dismissed.[4]

---

[4] To the extent Plaintiffs intended to file suit against FDMS, the Complaint must likewise be dismissed because (1) FDMS has not been served with process; and (2) Plaintiffs cannot assert a good faith claim against FDMS upon which relief can be granted for the same reasons set forth herein. If required, FDMS would also establish that it did not provide any information relating to Plaintiffs to the IRS.

## CONCLUSION

For the foregoing reasons, Plaintiffs' claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) or, in the alternative, Federal Rule of Civil Procedure 12(b)(6).

Dated:  New York, New York
        December 18, 2017

POLSINELLI PC

*/s/ Jason A. Nagi*
Jason A. Nagi
John W. Peterson
600 Third Avenue, 42nd Floor
New York, New York 10016
212.644.2092
jnagi@polsinelli.com

*Attorneys for Defendant Guy Chiarello*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2017, I electronically filed *Defendant Guy Chiarello's Memorandum of Law in Support of His Motion to Dismiss Plaintiff's "Verified Action at Law"* with the Clerk of Court using the ECF which will send notification of such filing to all counsel of record, namely:

John and Kimberly Vidurek
1 South Drive
Hyde Park, New York 12538

*Pro se Plaintiffs*

                                                             */s/ Jason A. Nagi*