# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Federal Building Courthouse; 300 Quarropas Street; White Plains, NY 10601-4150

5

| | |
|---|---|
| John and Kimberly Vidurek<br>            Plaintiff(s)<br><br>        - Against -<br><br>John Koskinen, Et al<br>            Defendants | Jurisdiction: Court of Record, under<br>    the rules of Common Law[1]<br>Case No. 17 Civ. 9064 (VB)<br>Magistrate:<br><br>**PLAINTIFFS**<br>**REPLY TO DEFENDANTS REPLY** |

NEW YORK STATE        )
                                    ):SS.
DUTCHESS COUNTY    )

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6-25-18

10

It is obviously fair-minded that defendants should get last word, after all they are the challenged and must defend. With that being said when the defendants move the court via Rule 12, the challenger becomes the challenged and for a brief period the plaintiffs become the defendants and therefore, last word is appropriately the plaintiffs'.

15    Therefore, on and for the record plaintiffs herein reply to defendants' reply to plaintiffs' answer. Defendants raised the following points in an effort to elude answering the Action, and the plaintiffs rebut said points as follows:

Rule 12 provides that the defendants may assert the following seven (7) defenses by motion they are; (1) lack of subject-matter jurisdiction, (2) lack of personal jurisdiction,

---

[1] "**A Court of Record** is a judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, and proceeding according to the course of common law, its acts and proceedings being enrolled for a perpetual memorial". Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689.

20    (3) improper venue, (4) insufficient process, (5) insufficient service of process, (6) failure to state a claim upon which relief can be granted, and (7) failure to join a party under Rule 19.

Defendants' assert the following three (3) defenses by motion under Rule 12 (1) claiming this court lacks subject-matter jurisdiction, (5) insufficient service of process,

25    and that the plaintiffs (6) failed to state a claim upon which relief can be granted. Everything else is an attempt to blur the issues at hand and seize control of the narrative.


## SUBJECT-MATTER JURISDICTION

The Constitution for the United States Article III Judicial Power Section 2 states:

30          "*The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;--*"

Plaintiffs stated under oath that the defendants have violated their unalienable right of due process protected under the 5th Amendment by misapplying the following laws of

35    the United States: 26 USC §6420, 26 USC §7604, 26 USC §4081, 26 USC §6421, 26 USC §7604, 26 USC §6421, 26 USC §6427, 26 USC §7604, 26 USC §7602, 26 USC §4041, 26 USC §6601, and 26 USC §6651.

Defendants acting in an official capacity stepped outside their jurisdiction and willfully violated plaintiffs' unalienable rights under the color of law using the aforesaid United

40    States Codes and thereby became liable under 18 U.S. Code § 242, 18 USC 241, 42 USC 1983, and 42 USC 1985.

Therefore the judicial power, authority, and jurisdiction of this court extend to this case in law because the aforesaid issues arose under the Constitution and the laws of the United States, state courts do not have jurisdiction.

45

## SERVICE OF PROCESS

Plaintiffs served all defendants at their only known address (*official place of business*) that they provided in their communications with the plaintiffs. Plaintiffs filed with the court an Affidavit of service of the same.

50   Plaintiffs served the U.S. Attorney for the defendants at his only known address (official place of business) provided by the United States District Court for the Southern District of New York's web site. Plaintiffs filed with the court an Affidavit of service of the same. "*It is well settled that notice to the agent acting within the course of his employment and scope of his authority is notice to his principal.*" California Law

55   Review, Vol. 1, No. 5, July., 1913. Therefore all parties have been properly served.

## DEFENDANTS' CLAIM PLAINTIFFS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### PLAINTIFFS REPLY:

60

### THE GENERAL RULE

Blacks 4th "*The general rule in appraising the sufficiency of a complaint for failure to state a claim is that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.*" - CONLEY VS. GIBSON (1957),355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2LEd

65   2d 80; SEYMOUR VS. UNION NEWS COMPANY, 7 Cir., 1954,217 F.2d 168.

(empty)

The general rule is that a complaint should not be dismissed unless it "*appears beyond doubt*" that the plaintiff can prove "*no set of facts*" in support of his claim. Even if the defendant has not demanded such relief in his pleadings, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled.[2] A complaint should not be dismissed unless it is beyond doubt that no set of facts supports the claim,[2] that is not the case in this case as plaintiffs, under oath, deny defendants conclusions in their motion to dismiss.

STATEMENT OF A CLAIM AND RELIEF SOUGHT:   The claim that the plaintiffs raise in the said Action at Law is a multitude of infringements upon plaintiffs' unalienable rights evidently secured by the 4th and 5th Amendment aforementioned upon which relief is simply "defendants' obedience to the Supreme Law of the Land".[3]

The plaintiffs' Action at Law distinctly stated, with many supporting facts, a wrong and an injury, a tort! Plaintiffs also clearly and methodically stated, and addressed with sworn facts, the three elements necessary to prove a valid and comprehensive cause of action, which are:

1) Existence of legal duty from defendant to plaintiff, supported by evidentiary facts ✓
2) Breach of duty, supported by evidentiary facts ✓
3) Damage as proximate result, supported by evidentiary facts ✓

SHORT SYNOPSIS: [*reiterated*] the defendants were, and are, bound to obey and support the Constitution thereby having a legal duty to the plaintiffs. Instead, the defendants defrauded plaintiffs under the color of law pretending authority under twelve (12) statutes (1) 26 USC§7604, (2) 26 USC§6420, (3) 26 USC§4081, (4) 26 USC§6421, (5)

---

[2] Every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." U.S. V. WHITE COUNTY BRIDGE COMMISSION (1960), 2 Fr Serv 2d 107, 275 F2d 529, 535.
[3] Article VI: This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding.

26 USC§6427, (6) 26 USC§7602, (7) 26 USC§4041, (8) 26 USC§6601, (9) 26
USC§6651, (10) 26 USC§5005, (11) 26 USC§7701, (12) 26 USC§7701, (13) 26
90   USC§7701, (14) 26 USC§7806(b), (15) 26 USC§6331, (16) 26 USC§6001, (17) 26
USC§6053, (18) 26 USC§6011, (19) 26 USC §6012. All in In violation of four U.S.
statutes, (1) 18 USC 241, (2) 18 USC 242, (3) 42 USC §1985, and (4) 42 USC §1986.
As a result of the aforesaid plaintiffs unalienable rights were violated and property
seized without due process.

95   The defendants did this by infringing upon the unalienable right of the plaintiffs privacy
and due process secured by the Bill of Rights. The plaintiffs in support of this Action at
Law quoted twenty-one (21) U.S. Supreme Court quotes, (2) U.S. Constitution
references, referenced 16th American Jurisprudence, 2nd Section 177, the Safe Harbor
Privacy Principles, clearly showed that defendants had no Fiduciary Relationship, and
100  no Proof of Claim all in support of the plaintiffs' position. Plaintiffs also produced fifty-
seven (57) supporting exhibits, two (2) Affidavits, one Memorandum of Law in Support
of Jurisdiction. For the defendants to claim that plaintiffs' Action at Law "*appears
beyond doubt that the plaintiffs can prove no set of facts in support of their claim*" is
ludicrous. A common law trial will search out and discover the truth of the matter and
105  make right the wrong.


## THE CORE OF THIS ACTION

This crux of this case is about abuse of power under color of federal law [*jurisdiction*].
Defendants claim that plaintiff John Vidurek owes them $80.64 and defendants refuse to
110  explain how. Defendants refuse to produce form 4490 showing proof of claim and form
56 proving fiduciary relationship necessary to support their claim and thereby continue

to seize monies from plaintiffs SSI without due process. Neither has the aforesaid forms been filed in the Southern District of New York as required by law.

115     Defendants to date have seized about $72.30 a month for the past 19 mounts or so from plaintiff John Vidurek's meager SSI monthly income of $564.30. Defendants recently claimed that I still owe them about $2400.00, up from their original claim of $1,507.00, even after they unlawfully stole about $1,353.30 from plaintiffs SSI check, at this unjust rate plaintiff John Vidurek's alleged debt can never be satisfied.

120     **IN CONCLUSION** this case is not the same or similar to any other case filed prior which collectively demonstrates the ongoing abuse and targeting of constitutional patriots by the IRS and its agents. Plaintiff simply seeks Justice[4].

Furthermore, Federal Rule 12 does not provide for frivolous claims to be dismissed before answering that can only be decided after being heard.

125     Rule 12 only provides for dismissal if it "*appears beyond doubt*" that the plaintiffs can prove "*no set of facts*" in support of their claim.[5] "*Every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.*" U.S. V. WHITE COUNTY BRIDGE COMMISSION (1960), 2 Fr Serv 2d 107, 275 F2d 529, 535.

---

[4] **JUSTICE** [Bouvier's Law, 1856 Edition] "*the constant and perpetual disposition to render every man his due.*" Just. Inst. B. 1, tit. 1. Toulli er defines it to be "*the conformity of our actions and our will to the law.*" Dr. Civ. Fr. tit. prel. n. (5) In the most extensive sense of the word, it differs little from virtue, for it includes within itself the whole circle of virtues. Yet the common distinction between them is that that which considered positively and in itself, is called virtue, when considered relatively and with respect to others, has the name of justice. But justice being in itself a part of virtue, is confined to things simply good or evil, and consists in a man 'staking such a proportion of them as he ought. *Luke 6:19

[5] Blacks 4th "*And the whole multitude sought to touch him: for there went virtue out of him, and healed them all.*"
"*The general rule in appraising the sufficiency of a complaint for failure to state a claim is that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.*" - CONLEY VS. GIBSON (1957),355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2LEd 2d 80; SEYMOUR VS. UNION NEWS COMPANY, 7 Cir., 1954,217 F.2d 168.

130    A court of justice is to hear before it judges. That is the purpose of any Action, to prove or not, the claims by demonstrating through debate to the tribunal for such judgment. Plaintiffs reiterate, the general rule is that a complaint should not be dismissed unless it "*appears beyond doubt*" that the plaintiff can prove "*no set of facts*" in support of his claim.[6] The validity of a claim can only be known after the Answer.

135    SEAL

John Vidurek

140    **NOTARY**

In New York State, Dutchess County, on June 22, 2018 before me, _Daniel Bush_, the undersigned Notary Public, personally appeared John Vidurek, to me known to be the living man described herein, who executed the forgoing instrument, and has sworn before me that he/she executed the same as his/her

145    free-will act and deed.

Notary

(Notary seal)

DANIEL BUSH
Notary Public - State of New York
NO. 01BU6131169
Qualified in Dutchess County
My Commission Expires _7.1.21_

---

[6] Blacks 4th "*The general rule in appraising the sufficiency of a complaint for failure to state a claim is that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.*" - CONLEY VS. GIBSON (1957),355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2LEd 2d 80; SEYMOUR VS. UNION NEWS COMPANY, 7 Cir., 1954,217 F.2d 168.



U.S. POSTAGE
PAID
HYDE PARK, NY
12538
JUN 22, 18
AMOUNT
$4.16
R2304M115482-07

1000

RECEIVED
JUN 25 2018

CERTIFIED MAIL

7017 3040 0000 4875 5472

Mr. John Vidurek
1 South Dr.
Hyde Park, NY 12538

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NY.
Federal Building Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

USMJ
SDNY

10601-415099